IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

        Respondent,

V.                                    CRIMINAL NO. 3:93-00162-01
                                      (CIVIL ACTION NO. 3:04-0462)

DOUGLAS CARL BROFFORD,

        Movant.

## FINDINGS AND RECOMMENDATION

Douglas C. Brofford has filed what he characterizes as a motion for modification of sentence, filed under the provisions of 18 U.S.C. §3582(c)(2), and in the motion he references the fact that "pharmaceutical drugs charged and calculated to impose" his sentence included oxycodone which is the subject of Amendment 657 to the Sentencing Guidelines, effective November 1, 2003.[1] He also has allegations in his submissions which suggest that he is contending that counsel representing him at sentencing was ineffective.[2] The United States has filed a response to the motion, movant has filed a reply and the matter is ready for decision.

---

[1] The amendment, which was made retroactive, modified the method by which drug weights are calculated for the drug oxycodone.

[2] In an affidavit attached to the motion his counsel, Thomas W. Smith, states, inter alia, that "[i]n my opinion my failure to recheck and recalculate Mr. Brofford's drug weight constitutes ineffective assistance of counsel."

To the extent that Brofford's motion is treated as a motion to reduce sentence under §3582(c)(2), it is clear that he is not entitled to relief. While he may not have completed service of his sentence at the time the United States filed its response, Brofford did complete service of his sentence two months thereafter, commencing a term of supervised release on March 1, 2005. Inasmuch as USSG §1.B1.10(b) of the Sentencing Guidelines provides that a reduced term of imprisonment may not "be less than the term of imprisonment the defendant has already served," his §3582(c)(2) motion is now moot.[3]

To the extent that Brofford's motion attacks his sentence on grounds of ineffective assistance of counsel, the motion will be treated as a motion to vacate, set aside or correct sentence filed under the provisions of 28 U.S.C. §2255.[4] As such it is obviously barred by the one-year statute of limitations applicable to §2255 motions since Brofford was most recently sentenced in February of 1999,[5] and his motion was filed more than four years thereafter. It is also the case that a previous §2255 motion was denied by the Court as barred by the statute of limitations and movant's present motion would require pre-filing authorization by the court of appeals, an authorization he clearly does not have.

---

[3] Moreover, as the United States indicates in its response, if the oxycodone had been completely disregarded Brofford's offense level would not have changed.

[4] In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

[5] His original conviction and sentence was set aside on an earlier §2255 motion. He did not appeal the 1999 conviction.

## RECOMMENDATION

On the basis of the foregoing findings of fact and conclusions of law, it is **RESPECTFULLY RECOMMENDED** that the relief sought in Brofford's motion be denied.

Movant and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Joseph R. Goodwin, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2255 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to movant and all counsel of record.

DATED: August 4, 2006

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE